UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-25248-CIV-MORENO

ANDREA HOLLAND on behalf of A.W.,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on the Plaintiff's Motion for Summary Judgment **(D.E. 29)** and the Defendant's Motion for Summary Judgment **(D.E. 32)**. Magistrate Judge Louis filed a Report and Recommendation **(D.E. 34)** after reviewing the agency's decision and the evidentiary record. This Court has now examined the entire record and made a *de novo* review of the issues raised by the Plaintiff's Objections **(D.E. 35)** to the Report and Recommendation. Being otherwise fully advised in the premises, it is

**ADJUDGED** that the Report and Recommendation is **AFFIRMED** and **ADOPTED**.

## LEGAL STANDARD

When reviewing the denial of Social Security disability benefits, this Court must review the agency's decision and determine "whether its conclusion, as a whole, was supported by substantial evidence in the record." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). Federal law

establishes that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Washington*, 906 F. 3d at 1358 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This Court must also review *de novo* whether the agency's decision was based on a proper view of the law. *Id.* (quoting *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003)).

## **DISCUSSION**

This case originates from an Administrative Law Judge's determination that the Claimant, the Plaintiff's daughter—who is a minor that suffers from Attention Deficit Hyperactivity Disorder—had not been disabled under the Social Security Act since the time the Plaintiff filed the application for benefits. Seeking judicial review of this decision in federal court, the Plaintiff argued the Administrative Law Judge's decision was not supported by substantial evidence in the record, and that the decision rested, in part, on an incorrect legal standard.

After thoroughly reviewing the Administrative Law Judge's decision and the evidentiary record, Magistrate Judge Louis determined that the Administrative Law Judge's decision was supported by substantial evidence. Magistrate Judge Louis also rejected the Plaintiff's "incorrect legal standard" argument because even though the Administrative Law Judge erroneously cited Listing 112.14, which applied to developmental disorders in infants and toddlers—instead of citing Listing 112.11, which applied to neurodevelopmental disorders for children between ages 3 and 18—the Administrative Law Judge analyzed the Claimant's disability "by considering all of the elements of Listing 112.11" and determined the Claimant's impairment "did not meet or functionally equal that listing." (D.E. 34 at 14.) Magistrate Judge Louis thus concluded that to

the extent the Administrative Law Judge committed error, it was harmless error. *Id.*

Upon a *de novo* review of the record, the Court agrees with Magistrate Judge Louis's well-reasoned legal analysis following her exhaustive review of the evidentiary record. Accordingly, the Court finds that the agency's denial of Social Security benefits is supported by substantial evidence in the record, and to the extent there was a partial legal standard error, such error was clearly harmless. The Objections to the Report and Recommendation repeat, essentially verbatim, the arguments advanced in the Plaintiff's Motion for Summary Judgment. (*Compare* D.E. 29, *with* D.E. 35.) So having agreed with the Report and Recommendation, the Court writes separately to address the only new argument raised in the Objections.

Plaintiff cites the Eleventh Circuit's recent decision in *Castro v. Acting Comm'r of Soc. Sec.*, 783 F. App'x 948 (11th Cir. 2019) to argue that the Administrative Law Judge's decision was erroneous because "the treating psychiatric opinions are consistent with the findings as documented in the treatment notes, despite the ALJ's assertion they are not, and they are consistent with the substantial evidence of the record." (D.E. 35 at 7.) In *Castro*, the Eleventh Circuit reversed the district court's order affirming the denial of benefits on grounds that substantial evidence did not support the Administrative Law Judge's conclusion that the treating psychiatrist's assessment opinions were inconsistent with his treatment notes. There, the Eleventh Circuit ruled that no reasonable person would accept the conclusion that the observations in the treatment notes contradicted the psychiatrist's assessment opinions because the treatment notes reflected observations during treatments in a medical environment, while the assessment opinions related to day-to-day activities in a regular work setting. *Castro*, 783 F. App'x at 956.

Unlike in *Castro*, the Administrative Law Judge here looked to "the opinion evidence of record" and found that "no treating or examining source provided a statement regarding the

claimant's functional capacity." (D.E. 21 at 25.) As Magistrate Judge Louis noted in the Report and Recommendation, the Plaintiff's summary judgment motion failed to specifically attack this factual finding. (*See* D.E. 34 at 10 (noting the Plaintiff "did not identify any opinion that she contends the ALJ failed to consider," but rather "cited generally to the medical records from each doctor noting Claimant's symptoms"). Indeed, the almost verbatim Objections likewise fail to identify the specific assessment opinions that the Administrative Law Judge overlooked. And furthermore, the Objections also fail to explain how the ruling in *Castro* otherwise demonstrates the Administrative Law Judge's decision was not supported by substantial evidence.

In any event, the Court finds there is substantial evidence in the record to support the agency's decision. Therefore, the Plaintiff's Objections are **OVERRULED**.

## CONCLUSION

For all these reasons, and the reasons more fully explained in Magistrate Judge Louis's Report and Recommendation that the Court now adopts, it is

**ADJUDGED** that the Report and Recommendation **(D.E. 34)** is **AFFIRMED** and **ADOPTED**. Consequently, the Plaintiff's Motion for Summary Judgment **(D.E. 29)** is **DENIED** and the Defendant's Motion for Summary Judgment **(D.E. 32)** is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16 of December 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lauren F. Louis

Counsel of Record